UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REUBEN RANKE,

    Plaintiff,                                              CASE NO. 11-12763

v.                                                          Hon. Lawrence P. Zatkoff

B. PITT, et al.,

    Defendants,
_____/

**OPINION AND ORDER**
**(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**
**(2) DENYING PLAINTIFF'S MOTION FOR REDACTION; AND**
**(3) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

## I. REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding *pro se*, filed this case pursuant to 42 U.S.C. § 1983 and several state laws, alleging that Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures, among other claims. This matter is currently before the Court on Magistrate Judge Mona Majzoub's Report and Recommendation (Docket #26), wherein the Magistrate Judge recommends that the Court:

(1)    grant Defendant James Massey's motion to dismiss or for summary judgment (Docket #16);

(2)    grant summary judgment on all of Plaintiff's federal claims because probable cause existed to issue the search warrants in this matter,

(3)    decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and

(4)    dismiss Plaintiff's cause of action in its entirety, with prejudice.

Plaintiff was granted an extension of time within which to file objections to the Magistrate Judge's Report and Recommendation, and Plaintiff timely filed objections to the Report and Recommendation with the Court.

After a thorough review of the court file (including the parties' motions and briefs), the Report and Recommendation, and Plaintiff's objections to the Report and Recommendation, this Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this

Court, except that Plaintiff's state law claims are dismissed without prejudice (rather than with prejudice, as recommended by the Magistrate Judge). In addition, the Court notes the following as it relates to Plaintiff's federal claims and Plaintiff's objections to the Report and Recommendation:

        A.     This civil action appears to be an attempt to circumvent the criminal charges and proceedings against Plaintiff *vis a vis* child pornography materials. Plaintiff's federal claims herein stem from Defendants' seizure of such evidence, as Plaintiff claims Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures with respect to such materials. In Case No. 08-20598, presided over by Judge Lawson of the Eastern District of Michigan, "Ruben Steven Ranke" pled guilty to one count of mailing child pornography, in violation of 18 U.S.C. § 2252(a)(1).[1] On May 3, 2012, however, the Sixth Circuit Court of Appeals denied Plaintiff's appeal with respect to that case. In his appeal, Plaintiff challenged Judge Lawson's denial of Plaintiff's motion to suppress. In ruling on Plaintiff's appeal, the Sixth Circuit found that: (a) the search warrant was supported by probable cause, and (b) the good faith exception otherwise applied. The Sixth Circuit's conclusion regarding the validity of the search warrant and the ensuing search are, of course, binding on this Court. Accordingly, for this additional reason, the Court holds that Plaintiff's federal claims arising out of the searches and seizures of the child pornography materials must be dismissed, with prejudice.

        B.     In the objections to the Report and Recommendation Plaintiff filed with the Court (which the Court has reviewed and considered), Plaintiff argues that: (1) the Forfeiture Act as applied to him is unconstitutional, (2) some of the property seized by Defendants was not authorized by any of the warrants, (3) the statements of the informant upon whom Defendants relied "can carry no weight", (4) Defendant Pitts made boilerplate allegations that did not create a nexus between the evidence sought and the places to be searched, and (5) "[a]ny reliance on the letters is

---

[1] It is unclear why the criminal action prosecuted "Ruben Steven Ranke," yet Plaintiff filed this cause of action as "Reuben Ranke." Nonetheless, based on the factual discussions in both the criminal proceeding and the instant case, it is clear that both proceedings stem from the same operative facts and circumstances.

misplaced." The Court first notes that, to the extent Plaintiff failed to raise any of these arguments in his criminal appeal, such arguments were waived. Next, the Court notes that most of the arguments relate directly to–and have been implicitly and explicitly addressed by–the Sixth Circuit's decision of Plaintiff's appeal in his criminal case. Finally, the Court is not persuaded that any of the objections raised by Plaintiff demonstrate that Plaintiff has set forth viable federal claims.

## II.  MOTION FOR REDACTION

Subsequent to the Court allowing Plaintiff an extension of time to file objections–and concurrent with the filing of his objections, Plaintiff moved the Court to redact the personal information of Plaintiff's relatives from all Opinions and/or Orders in this case. Plaintiff has not specified any instances of personal information in such Opinions and/or Orders that the law requires be redacted. The Court is also certain that there is no such personal information in this Opinion and Order. Accordingly, the Court denies Plaintiff's Motion for Redaction (Docket #36).

## III.  MOTION FOR APPOINTMENT OF COUNSEL

Subsequent to the Court allowing Plaintiff an extension of time to file objections–and concurrent with the filing of his objections, Plaintiff moved the Court to appoint counsel because: (a) he is incarcerated and has not been able to contact potential legal representation in "the outside world," (b) he has a limited ability to access legal resources, and (c) the "interest of justice would be served." Plaintiff cites no authority in support of his motion. More significantly, established case law provides that Plaintiff does not have a constitutional right to counsel in a case such as this. *See, e.g., Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (appointment of counsel in civil case is privilege and not constitutional right); *Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir. 1971) (there exists no statutory or constitutional right for indigents to have counsel appointed in civil case). Further, with respect to Plaintiff, his appointed legal counsel in the criminal case: (1) filed a brief regarding the search warrant and seizure of evidence, and (2) argued the appeal before the Sixth

Circuit. As such, Plaintiff has had legal representation to pursue the substantive federal issues raised in the instant cause of action. Finally, as the Court has determined that Plaintiff's cause of action is to be dismissed in its entirety, the request for appointment of counsel has been rendered moot. Accordingly, and for the reasons set forth above, the Court denies Plaintiff's Motion for Appointment of Counsel (Docket #37).

### IV.  CONCLUSION

Therefore, for the reasons stated above, the Court hereby ORDERS that:

(1) Defendant James Massey's motion to dismiss or for summary judgment (Docket #16) is GRANTED;

(2) The remaining Defendants are entitled to summary judgment with respect to all of Plaintiff's federal claims because probable cause existed to issue the search warrants in this matter;

(3) Plaintiff's federal claims are dismissed with prejudice;

(4) Plaintiff's state law claims are dismissed without prejudice as the Court shall not exercise supplemental jurisdiction over Plaintiff's state law claims;

(5) Plaintiff's cause of action is DISMISSED in its entirety;

(6) Plaintiff's Motion for Redaction (Docket #36) is DENIED; and

(7) Plaintiff's Motion for Appointment of Counsel (Docket #37) is DENIED.

IT IS SO ORDERED.

Dated: July 11, 2012

S/LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE